IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHERYL A. ELKINTON,

                Plaintiff,                OPINION AND ORDER

  v.

                                        12-cv-681-wmc

PRESIDENT OF THE UNITED STATES,
U.S. MILITARY, U.S. DEPT. OF DEFENSE,
MILITARY MARKETING ASSOC., and
VETERANS AFFAIRS,

                Defendants.

---

CHERYL A. ELKINTON,

                Plaintiff,                OPINION AND ORDER

  v.

                                        12-cv-694-wmc

PRESIDENT OF U.S. AND CABINET,
U.S. DEPT OF TRANSPORTATION, U.S.
DEPT OF HEALTH AND HUMAN SERVICES,
U.S. DEPT OF FOOD AND DRUG
ADMINISTRATION, U.S. ENVIRONMENTAL
SAFETY COMMISSION, U.S. TREASURY,
U.S. DEPT. OF LABOR, and USDA (SERVICE
CENTER NATURAL RESOURCES
CONSERVATION SERVICE,

                Defendants.

---

CHERYL A. ELKINTON,

                Plaintiff,                OPINION AND ORDER

  v.

                                        12-cv-717-wmc

U.S. PRESIDENT BARAK OBAMA,
MEMBERS OF CONGRESS, and
SECRETARIAL CABINET,

                Defendants.

---

| | |
|---|---|
| CHERYL A. ELKINTON, | |
| Plaintiff, | OPINION AND ORDER |
| v. | 12-cv-769-wmc |
| PRESIDENT OF US AT ALL, and BARACK OBAMA, | |
| Defendants. | |

In the last six weeks, plaintiff Cheryl A. Elkinton has filed four lawsuits against President Barack Obama and other government officials and agencies. In all four cases, Elkinton moved for leave to proceed *in forma pauperis*, and leave was granted, allowing her to proceed without any prepayment of fees or costs. The court must now determine whether Elkinton's proposed actions are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because plaintiff's complaints are frivolous and fail to state a claim on which relief may be granted, the court will deny Elkinton leave as to all four complaints.

ALLEGATIONS

In the first complaint, No. 12-cv-681, plaintiff complains about the government's use of weapons, pollution caused by vehicles and genetically-engineered food. Elkinton seeks orders abolishing the right to bear arms and ceasing all wars Americans are involved in. (Compl. (dkt. #1) 6.)

2

In the second complaint, No. 12-cv-694, plaintiff complains about the excessive coining of money, environmental-related sicknesses caused by genetically-engineered foods and air quality and pollutants. For relief, plaintiff seeks a "cooperative effort," ideally "an emergency congressional session," to "alleviate the aforementioned problems." (Compl. (dkt. #1) 4.) Elkinton also seeks the implementation of a volunteer labor system and driver licensing system. She also seeks a position in the health and human services department, and a four bedroom home in the City of Madison, Wisconsin. Elkinton also seeks orders concerning food testing and labeling, an end to genetic engineering, in addition to other requested items of relief.

In the third complaint, No. 12-cv-717, plaintiff complains about extinction of animal species and the government's impact on jungles. Elkinton seeks for relief "a commercial property and a vacation home at a county park location, City of Madison." (Compl., No. 12-cv-717 (dkt. #1) 4.)

Lastly, in the fourth complaint, No. 12-cv-769, plaintiff complains about the drought conditions, environmental issues generally and the quality of food in grocery stores. (Complaint, No. 12-cv-769 (dkt. #1).) For relief, Elkinton seeks "stewardship over sovereign and state lands and waters" and "a farm area set aside with animals." (Compl., No. 12-cv-769 (dkt. #1) 4.)

OPINION

As evidenced by the description of her complaints above, plaintiff does not allege any comprehensible facts or state any cognizable claims under federal or state law. A

3

district court must dismiss a complaint for lack of subject matter jurisdiction if the claims stated are "so insubstantial, implausible, foreclosed by prior decisions of [the United States Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (citing *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)). Because plaintiff's complaints are unintelligible, I conclude that these cases should be dismissed.

## ORDER

IT IS ORDERED that:

1) the above-captioned cases are DISMISSED with prejudice for lack of subject matter jurisdiction; and

2) plaintiff's motion to consolidate filed in all four cases (No. 12-cv-681, dkt. #4; No. 12-cv-694, dkt. #4; No. 12-cv-717, dkt. #4; No. 12-cv-769, dkt. #3) is DENIED AS MOOT.

Entered this 5th day of November, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge